UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ASHTON R. O'DWYER, JR., on his own behalf and on behalf of all heirs survivors, relatives and beneficiaries of Emma De Lesseps Richardson (widow of Rudolph T. O'Dwyer, Sr.) and Lavenia Fayard (widow of George L. O'Dwyer, Sr.) | CIVIL ACTION<br><br>NO. 06-10811 |
| versus | |
| UNITED STATES OF AMERICA, ET AL | SECTION "T" |

DISCOVERY ORDER

Before the Court is Defendants' **Motion for Protective Order and/or to Stay Discovery [Doc. No. 36]** pending the Rule 26(f) conference and/or pending a determination of their motion to dismiss. Plaintiff filed formal opposition [Doc. No. 48] and the matter is deemed submitted for a determination without oral hearing. For the following reasons, the Motion for Protective Order is GRANTED.

Plaintiff prematurely propounded discovery requests to the defendants in advance of the Rule 26(f) discovery scheduling conference. Fed. R. Civ. P. 26 (d) prescribes the timing of discovery, to wit: "Except in categories of proceedings exempted from initial disclosures under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred in accordance with Rule 26(f)." Fed. R. Civ. P. 26(d). Specifically addressing interrogatories, Fed. R. Civ. P. 33(a) provides in pertinent part that: "Without leave of court or written stipulation,

interrogatories may not be served before the time specified in Rule 26(d)."  Fed. R. Civ. P. 33(a).  Fed. R. Civ. P. 34(b) sets forth the identical procedural caveat as to timing, to wit: "Without leave of court or written stipulation, a request may not be served before the time specified in Rule 26(d)."  Fed. R. Civ. P. 34(b).

This case does not fall within any of the categories of proceedings exempted from initial disclosures.  There is no written stipulation or other agreement between the parties to proceed with discovery in advance of a Rule 26(f) conference.  No scheduling conference has been set by the district judge, motions to dismiss and/or for more definite statement are pending and issue has not been joined.  No motion for leave of court to proceed with discovery in advance of the preliminary conference was filed.  Moreover, discovery in advance of issue being joined and a Rule 26(f) could prove to be counterintuitive.  There is no good reason to deviate from the rule which prescribes the proper timing of discovery.

**IT IS ORDERED** that Defendants Motion for Protective Order #36 is GRANTED and discovery is STAYED *by operation of law* in advance of the Rule 26(f) discovery scheduling conference.

New Orleans, Louisiana this  19th  of  June, 2007.

_____
**DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE**