UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ASHTON R. O'DWYER, JR. ET AL    *          CIVIL ACTION

VERSUS                          *          NO: 06-10811

UNITED STATES OF AMERICA, ET    *          SECTION: "D"(3)
AL

## ORDER AND REASONS

Before the court are the following matters:

(1) **"Objections to and Motion(s) to Review Magistrate's Report and Recommendation and Order Staying Discovery, and Incorporated Motion to Disqualify Counsel"** (Doc. No. 58) filed by Plaintiff, Ashton R. O'Dwyer, Jr.  Defendants, Kirk Bonner, Sigrid Bonner, Scott Campbell, Thomas Coleman, Robert Dupuy, Robert Fry, Ian Grue, Jamie Grue, John Koerner, Catherine Mitchell, Hope Sartorio, Marian Schramm and Sidney Snow, (collectively referred to as the Squatters/Batture Resident Defendants)) oppose the motion;

(2) Plaintiff's **"Motion for Leave to File Fourth Supplemental and Amended Petition"** (Doc. No. 62) and Plaintiff's corresponding **"Motion for Leave to File Supplemental Memorandum"** (Doc. No. 79). These motions are presently set for hearing before the Magistrate Judge on September 12, 2007, but the court now cancels that hearing and rules on these motions herein; and

(3) **"Motion to Dismiss for Failure to State a Claim. Failure to Join Indispensable Parties and to Strike"** (Doc. No. 72) filed by Defendants: Parish of Jefferson; Department of Inspections, Parish of Jefferson; Louis Savoye; Department of Environmental Affairs, Parish of Jefferson; Marnie Winter; and East Jefferson Waterworks District No. 1 (collectively referred to as the "Jefferson Parish Defendants"). Plaintiff opposes this motion.

Now, having considered the parties' memoranda, the record, and the applicable law, the court rules.

## I. Background

### A. Magistrate Judge's Report and Recommendation (Doc. No. 52)

In the original Petition for Damages (initially filed in the 24th Judicial District Court for the parish of Jefferson, State of Louisiana and subsequently removed to this court), Plaintiff Ashton O'Dwyer (on his on behalf and on behalf of others) claims *inter alia* that Plaintiffs are the true and lawful owners of certain immovable "batture" property described in ¶3 of the original Petition. Plaintiff names numerous Defendants including: the United States; the State of Louisiana; certain Louisiana State Departments and their alleged Secretaries; the Parish of Jefferson, ceratin Departments within the Parish of Jefferson and their alleged Directors; East Jefferson Waterworks District No. 1; Entergy Corporation and Entergy Louisiana, Inc.; The Sewage and Water Board of New Orleans; and certain individuals alleged to be "Squatters and Trespassers."[1]

Plaintiff(s) seek the following relief:

1. Eviction of the Squatter/Batture Resident defendants from the property;

2. Removal of all building structures from the

---

[1] At this stage, Answers have been filed only on behalf of Entergy Louisiana, Holding, Inc. (Doc. No. 5) and the United States of America (Doc. No. 22).

       property;

3. Restoration and remediation of the property;

4. Damages for violation of plaintiff's alleged rights under the 5th Amendment to the U.S. Constitution and under Article 1§4 of the Louisiana State Constitution;

5. Damages for the tort of trespass;

6. Damages for the intentional infliction of emotional distress;

7. Damages for dispossession;

8. Damages for damage to the property;

9. Indemnification of plaintiffs for all damages caused to anyone by virtue of defendants' alleged continuing trespass on plaintiffs' property;

10. Damages under Louisiana Civil Code Article 2315; and

11. Damages for the alleged Squatter/Batture Resident defendants' theft and/or destruction of approximately twenty (20) "No Trespassing" signs and aluminum poles.

(*See* Original Petition at ¶22).

Plaintiff(s) further claim:

    that any State law ... pursuant to which

>  defendants ... acted, is unconstitutional, ... and that defendants' conduct pursuant to any State law ... cannot be immunized by State law.
>
>  [and] that the illegal conduct described ... by the State and local government defendants, and by their officers and employees, complained of herein, was willful, and constituted criminal, malicious, intentional, willful, outrageous, reckless or flagrant misconduct, so as to deprive those entities, officers and employees of immunity from liability pursuant to the provisions of LSA-R.S. 9:2798.1.

(*Id.* at ¶¶24-25).

In his Report and Recommendation, the Magistrate Judge recommended that:

(1) the alleged Squatters/Batture Resident Defendants' Motion to Dismiss for failure to join parties necessary for a just adjudication of Plaintiff's claims (Doc. No. 2) be granted;[2]

(2) the State Defendants' Motion for More Definite Statement (Doc. No. 9) be granted; and

(3) the Plaintiff's First, Second and Third Motions to Amend and Supplement the Complaint (Doc. Nos. 23, 25 and 35) be denied on the basis of futility.

In Plaintiff's First Supplemental and Amended Petition,

---

[2] The Magistrate Judge did not reach the "Squatter and Trespasser" Defendants' request for alternative relief including a more definite statement and to strike Plaintiff's scurrilous allegations. (*See* R&R, at p. 12).

5

Plaintiff seeks to allege causes of action against two of the Squatter/Batture Resident Defendants (Campbell and Schramm) for their alleged intentional torts of fraud and misrepresentation. In Plaintiff's Second Supplemental and Amended Petition, Plaintiff seeks to: add additional allegations against the Board of Commissioners for the East Jefferson Levee District; add new defendants (including Glynn Esteves and Richard Jurisich, who "are believed to be attorneys-at-law, who rendered legal advice to the squatter/batture resident defendants); and assert with particularity claims for damages as a result of the alleged intentional torts of fraud, conspiracy and misrepresentation committed by certain of the squatter/batture resident defendants.

The only *named* Plaintiff in the original Petition is Ashton R. O'Dwyer, Jr. In his proposed Third Supplemental and Amended Petition, Plaintiff seeks to add a list of individuals who are purportedly "the heirs, survivors, relatives and beneficiaries...." (Doc. No. 35). However, the Magistrate Judge found that this proposed Third Supplemental and Amended Petition, fails to state whether the individual heirs listed therein are proceeding *pro se* or are represented by Plaintiff O'Dwyer, as their attorney at law or counsel of record. (*See* R&R, pp. 5-6).

The Magistrate Judge's Report and Recommendation (Doc. No. 52) was signed and entered into the record on June 15, 2007. On June

14, 2007, Plaintiff filed a Motion to Add Counsel of Record (Doc. No. 51), and this court signed the accompanying Order allowing Joseph W.P. Hecker to enroll as additional counsel of record for plaintiff(s).  (*See* Order, Doc. No. 54).  However, the Order allowing Mr. Hecker to enroll was not entered into the record until June 18, 2007, three days after the Magistrate Judge's Report and Recommendation was entered.  (*Id.*).

**B.  Plaintiff's "Motion for Leave to File Fourth Supplemental and Amending Petition."**

On July 2, 2007 (subsequent to the issuance of the Magistrate Judge's Report and Recommendation), Plaintiff filed his "Motion for Leave to File Fourth Supplemental and Amending Petition" to name Demian Roberts as an additionally alleged "Squatter and Trespasser" Defendant.  (*See* Doc. Nos. 62, 62-2, 79 and 88).

**C.  Plaintiff's Objections to the Magistrate Judge's Report and Recommendation**

In his Objections, Plaintiff O'Dwyer argues that "the objections to his representing his family members in his own name have been 'cured' by their appearing individually as plaintiffs represented by counsel, Mr. Hecker."  (*See* Plaintiff's Objections

7

to R&R, Doc. No. 58-2, p. 4).[3]  In response to this argument, the Defendants submit that:

> [O'Dwyer's Motion to Add Counsel] is also hazily worded such that it is impossible to tell exactly who is representing who.  The motion is filed by Ashton R. O'Dwyer, Jr., himself, and Mr. O'Dwyer, apparently representing Mr. Hecker, asks that Mr. Hecker be enrolled as counsel of record.  The motion requests enrollment of Mr. Hecker as "additional counsel of record for plaintiff(s)."  Nowhere does the motion identify who the "plaintiff(s)" are, or how many, if any, there are besides Mr. O'Dwyer, or what "plaintiff(s)" means.  Since Mr. O'Dwyer is the only plaintiff in the suit, it stands to reason that Mr. Hecker only represents Mr. O'Dwyer.

(*See* Doc. No. 69, at p. 3).

Defendants also submit that "Plaintiff has alleged that Mr. Hecker is his relative, which might independently raise concerns about his impartiality," and citing another lawsuit in the Eastern District, No. 4181, Defendants argue that "it also appears that Mr. Hecker is the Plaintiff's law partner."  (*Id*. at p. 4).

Plaintiff O'Dwyer also argues that:

> For the same "reasons" that Magistrate Knowles sought to "disqualify" Ashton O'Dwyer as a party, a witness and a lawyer, then the law firm of Coleman, Johnson Artigues & Jurisich should be disqualified from representing the

---

[3] Mr. O'Dwyer represents that Mr. Hecker is his third cousin and the godchild of George L. O'Dwyer, Sr., "who in 1945 acquired the batture property in question on behalf of the O'Dwyer Family from The Texas Company." (*See* Doc. No. 58-2, p. 4).

8

> Squatters and Trespassers in this case, particularly since two (2) of the firm's members, along with Senior Coleman's son, are parties defendant in this case, and intentional tortfeasors and law-breakers.

(Doc. No. 58 at p. 6).

In response to this argument, Defendants argue:

> Without tendering any coherent legal argument or established facts, Plaintiff provides that counsel for Defendants should be disqualified. This tactic is apparently regularly used by Plaintiff, as he tried it against the Office of the U.S. Attorney (Eastern District of Louisiana, Civil Action Number 06-7280 (Doc. #27), the Louisiana Department of Justice (Eastern District of Louisiana, Civil Action Number 06-7280 (Doc. #30), and the law firm of Phelps Dunbar (Eastern District of Louisiana, Civil Action Number 06-7280 (Doc. #33). Plaintiff's motion should also be denied in this proceeding.

(Doc. No. 69 at p. 5).

**D.  Certificates of Representation**

After considering the Plaintiff's Objections and the Squatters/Batture Resident defendants' response, the court scheduled a hearing on August 21, 2007, to determine the following:

(1) exactly **who** Mr. Hecker and Mr. O'Dwyer represent and the circumstances surrounding their engagement;

(2) the business relationship, if any, between Mr. Hecker and Mr. O'Dwyer; and

(3) the relationship of any members of the law firm of

>     Coleman, Johnson, Artigues & Jurisich to any
>     parties in this lawsuit.

At the hearing on August 21, 2007, the court instructed Mr. O'Dwyer, Mr. Hecker, and Mr. Bruce Lane Brown of the law firm of Coleman, Johnson Artigues & Jurisich, to file their respective Certificates of Representation. Subsequently, original, amended and supplemental Certificates of Representation were duly filed into the record. (*See* Docs. Nos. 99, 101, 105, 106, 107, 109, 110 & 111).

## II. Rulings

Having considered the various Certificates of Representation respectively filed by Mr. O'Dwyer and Mr. Hecker, the court finds that, at this stage of the proceedings, Mr. O'Dwyer and Mr. Hecker should be allowed to represent the Plaintiffs as they have certified.

Thus, the court **SUSTAINS** Plaintiffs' Objection to the Magistrate Judge's Report and Recommendation, and **GRANTS** the Plaintiff's Motions for Leave to File First, Second, Third, and Fourth Supplemental and Amended Petitions (Doc. Nos. 23, 25, 35, 62). The court also **GRANTS** Plaintiff's Motion for Leave to File Supplemental Memorandum (Doc. No. 79) filed in conjunction with Plaintiff's Motion for Leave to File Fourth Supplemental and

Amended Petition.

Further, the court **SUSTAINS** Plaintiffs' Objections to the Magistrate Judge's Report and Recommendation, to the extent that the court VACATES a portion of the Magistrate Judge's recommendation, and now **DENIES** the Squatters/Batture Resident Defendants' Motion to Dismiss for Failure to Join Indispensable Parties (Doc. No. 2). The court also **DENIES** the Squatter/Batture Resident Defendants' Motion for More Definite Statement and to Strike (contained in Doc. No. 2).

The court **OVERRULES** Plaintiff's Objections to the Magistrate Judge's Report and Recommendation to the extent that the court **AFFIRMS** the Magistrate Judge's recommendation that the court grant the State Defendants' Motion for More Definite Statement (Doc. No. 9). Subject to the **STAY** discussed *supra*, the court **GRANTS** THE State Defendants' Motion for More Definite Statement (Doc. No. 9) for reasons set forth in the Magistrate Judge's Report and Recommendation.

The court further finds that the **first** issue that must be resolved in this matter (before any other issues are considered) is who has proper ownership to the land in question. At this writing, the court anticipates that this issue will be resolved primarily as a matter of law after the submission by the respective parties of

11

relevant documentation and that neither the testimony of Mr. O'Dwyer nor the squatter-batture resident defendants will be required.  Thus, to the extent that any motion or document seeking recusal of various counsel is **DENIED** at this time as premature.

Further, the court issues the following rulings:

(1) This action (including consideration of the Jefferson Parish Defendants' **"Motion to Dismiss for Failure to State a Claim. Failure to Join Indispensable Parties and to Strike"** (Doc. No. 72)) is **STAYED** against all Defendants except the following Defendants:

   a. Kirk Bonner
   b. Sigrid B. Bonner
   c. Scott Campbell
   d. Thomas Coleman
   e. Richard Demarco
   f. Robert Dupuy
   g. Robert M. Fry
   h. Ian Grue
   I. Jamie Grue
   j. Robert Hoisington
   k. Risa Rita Hoisington
   l. John Koerner
   m. Catherine Mitchell
   n. Hope Sartorio
   o. Miriam Schramm
   p. Sidney Snow
   q. Mary B. Spring
   r. Glynn Esteves
   s. Richard Jurisich;[4]

---

[4] All of these listed Defendants (except Glynn Esteves and Richard Jurisich) are named in the Plaintiff's original Petition.  Glynn Esteves and Richard Jurisich are named in the Plaintiffs' Second Supplemental and Amending Petition.  As the court previously ruled herein, the court is allowing Plaintiffs to file their First, Second, Third and Fourth Supplemental and

(2) Even as to the above-listed Defendants against whom the litigation is not stayed, all causes of action *with the exception of ownership of the property in question* are stayed. In other words, as to these above-listed Defendants the only issue to be decided at this time is the ownership of the property. These Defendants must file their Answers to the Plaintiffs' original petition, as well as Plaintiffs' first, second, third, and fourth supplemental and amending petitions by **Friday, September 28, 2007**;

(3) Only discovery directly relating to the ownership issue will be permitted;

(4) No depositions whatsoever will be permitted at this time without prior leave of court which will only be granted if the party seeking to take a deposition can demonstrate to the court why a particular witness' testimony is necessary for resolution of the ownership issue. Because the court believes that the ownership issue is a "paper intensive issue" leave of court to take depositions on this issue will <u>not</u> be freely granted;

---

Amending Petitions.

(5) The effect of the **STAY** ordered herein precludes the consideration of any issue of damages at this time;

(6) The court will issue a separate **Scheduling Order** setting forth dates for the Trial, Pre-Trial Conference and attendant cut-of dates, but again such dates will only pertain to the ownership issue, because all other issues are stayed.

Finally, the court is concerned with an apparent lack of professionalism and civility exhibited by one or more attorneys in this case. I strongly suggest that all counsel step back and take a deep breath. While zealous advocacy is a virtue, neither your clients nor the legal profession are well served by pettiness and vitriol. A word to the wise should be sufficient.

New Orleans, Louisiana, this **31st** day of **August, 2007**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE