UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ASHTON R. O'DWYER, JR. ET AL    *          CIVIL ACTION

VERSUS                          *          NO: 06-10811

UNITED STATES OF AMERICA, ET    *          SECTION: "D"(3)
AL

### ORDER AND REASONS

Before the court are the following motions:

(1)   **"Motion for Protective Order" (Doc. No. 207)** filed
      by Defendants, Kirk Bonner, Sigrid Bonner, Scott
      Campbell, Camp Batture, L.L.C., Joanna Cote, Jules
      Cote, Thomas Coleman, Robert Dupuy, Dupuy River
      Camp, Inc., Robert Fry, Ian Grue, Jamie Grue, John
      Koerner, Billy Mitchell, Catherine Mitchell, Daryll
      Mitchell, Robert Mitchell, River Camp, L.L.C., Hope
      Sartorio, Marian Schramm and Sidney Snow; and

(2)   **"Motion to Quash Subpoenas and for Protective
      Order" (Doc. No. 208)** filed by Coleman, Johnson,
      Artigues and Jurisich, L.L.C. and Richard Jurisich,

Jr.

***No memoranda in opposition were timely filed***.   The motions, set for hearing on Wednesday, April 9, 2008, are before the court on briefs, without oral argument.

Now, having considered the memoranda and argument of counsel, the record, and the applicable law, the court finds that the motions have merit and finds that the subject discovery and subpoenas are scatter-gun pleadings.  Movers are entitled to the relief as set forth in the following orders.

**IT IS ORDERED** that to the extent that Defendants, in their **"Motion for Protective Order" (Doc. No. 207)**, seek to have the court strike "Plaintiffs' Additional Interrogatories and Requests for Production to the Squatter and Trespasser Defendants" (copies of which are contained in the record as Doc. No. 207-2), the court **GRANTS** the motion.

**IT IS FURTHER ORDERED** that to the extent that Movers, in **"Motion to Quash Subpoenas and for Protective Order" (Doc. No. 208)**, seek to have the court quash subpoenas (copies of which are contained in the record as Doc. No. 208-2 and Doc. No. 208-3), the court **GRANTS** the motion.

Counsel for Plaintiffs are forewarned that continued abusive and scatter-gun discovery propounded by Plaintiffs' counsel seeking

obviously irrelevant material[1] and/or further discovery and/or subpoenas issued by Plaintiffs' counsel seeking clearly privileged information may result in sanctions, including but not limited to dismissal of this matter.

New Orleans, Louisiana, this **10th** day of **April, 2008**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE

---

[1]     For an example of abusive scatter-gun discovery, see Plaintiffs' Interrogatory No. 1 (contained in Doc. No. 207-2), in which Plaintiffs ask:

> List the municipal address of each and every piece of immovable or real property which you have purchased during the past twenty-five (25) year period, *whether in the Greater New Orleans Metropolitan Area or elsewhere and, in connection with your purchase of each piece of property*, state whether or not you commissioned any title examination or solicited a title opinion, and whether or not you purchased title insurance.  (italics added by the court)

The court is neither required to nor inclined to parse Plaintiffs' discovery requests to seek out that which may be relevant.  The discovery in question is designed to harass rather than to inform.

3